Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,261-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                      Appellee

versus

KENNY McKNIGHT                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 354,648

Honorable Katherine C. Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Mary Constance Hanes

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

JASON W. WALTMAN
NANCY F. BERGER-SCHNEIDER
TOMMY J. JOHNSON
Assistant District Attorneys

* * * * *

Before WILLIAMS, PITMAN, and STONE, JJ.

**PITMAN, J**.

A jury convicted Defendant Kenny McKnight of second degree rape, and the trial court sentenced him to 25 years at hard labor, with 5 years to be served without benefit of probation, parole or suspension of sentence. Defendant appeals, arguing that his sentence is excessive. For the following reasons, we affirm Defendant's conviction and sentence.

## FACTS

On January 22, 2018, the state filed a bill of information charging Defendant with the second degree rape of A.G., which occurred on or about July 19, 2017.

The jury trial commenced on February 12, 2019. A.G. testified that Defendant is her cousin, i.e., her grandmother's sister's child. She stated that on July 19, 2017, she was 16 years old and was at home with several family members, including Defendant. Defendant came into her bedroom, locked the door, grabbed her by her arms and "slammed" her face down onto the bed. While holding her arms behind her back, Defendant pulled down her elastic-waist pants and underwear. She yelled and screamed and told Defendant to get off of her. She squeezed her buttocks to try to prevent him from penetrating her, but he inserted the top part of his penis into her anus. When Defendant left her room, she tried calling her mother and aunt on the phone, but neither answered. She then called her former cheerleading coach, who drove to her house. Her aunt then arrived and took her to the hospital.

Melanie Hubbard, a sexual assault nurse examiner, testified that she conducted an examination of A.G. and collected evidence, which she placed in a personal evidence recovery kit ("PERK"). A.G. told Hubbard that Defendant forced his penis into her anus. Hubbard stated that she did not

find any injuries to A.G.'s anal or vaginal areas.  She noted, however, that this was not unusual because 85 percent of the time, there are no injuries when someone is assaulted.

Katie Traweek, an expert in DNA analysis, testified that in examining the evidence contained in the PERK, she detected prostate specific antigen on the external genitalia swab and the perineal swab, but did not find any sperm cells.  She stated that there was insufficient male DNA to obtain a profile to compare to Defendant's reference sample.

Detective Jeff Allday of the Shreveport Police Department testified that he works in the sex crimes unit and investigated this case.  He learned that Defendant was 24 years old at the time of the alleged rape.  He interviewed Defendant; and after being advised of his rights, Defendant admitted that his finger and his penis were briefly "in" A.G.'s anus.  He also testified that in September 2010, Defendant was convicted of misdemeanor carnal knowledge of a juvenile, and the victim in that case was 13 years old.

On February 13, 2019, the jury found Defendant guilty as charged of second degree rape.  On February 28, 2019, the trial court denied Defendant's motion for post-verdict judgment of acquittal.  It then sentenced Defendant to 25 years at hard labor, with 5 years to be served without the benefit of probation, parole or suspension of sentence.[1]

On March 27, 2019, Defendant filed a motion to reconsider and vacate his sentence, arguing that it is excessive because the aggravating

---

[1] That same date, the state filed a third-felony habitual offender bill of information based on Defendant's prior convictions for simple burglary and illegal possession of stolen firearms.  The appeal record does not contain any further information about whether Defendant was ever adjudicated and sentenced as a habitual offender.

factors noted by the trial court are inadequate and the trial court failed to consider the mitigating factors.[2]

Defendant appeals.

## DISCUSSION

In his sole assignment of error, Defendant argues that his 25-year sentence for second degree rape is excessive under the circumstances. He finds fault with the aggravating factors considered by the trial court and alleges that it failed to consider any mitigating factors. Regarding the aggravating factors, Defendant contends that any act of second degree rape constitutes some degree of deliberate cruelty; and in this case, because the offense in question was a single incident which lasted mere seconds, there is nothing about it which can be labeled deliberately cruel; that every rape victim suffers some emotional trauma, but in this case, there is no indication that the victim or her mother sought professional help and there is no reason to believe that their emotional injuries are permanent; and that Defendant's prior felony convictions are not crimes of violence and do not justify the 25-year sentence imposed. Regarding the mitigating factors, Defendant argues that his conduct was not planned, he had not thought through any of the possible consequences and he did not contemplate that he would cause serious harm to the victim.

The state argues that the sentence imposed by the trial court is not excessive or unconstitutional. It contends that the trial court meticulously

---

[2] There is no indication in the appeal record that the trial court ruled on the motion to reconsider sentence. The absence of a ruling does not affect this court's ability to consider the constitutional excessiveness of a defendant's sentence on appeal, nor does it require remand. *State v. Farris*, 51,094 (La. App. 2 Cir. 12/14/16), 210 So. 3d 877, *writ denied*, 17-0070 (La. 10/9/17), 227 So. 3d 828.

considered the aggravating circumstances and found that no mitigating factors were applicable. The trial court considered Defendant's criminal history, including sex crimes dating back to 2006, which shows he is a sexual predator, and that he has two other convictions, which show he has a propensity to commit multiple types of crimes. It further contends that the midrange sentence does not shock the sense of justice, considering the facts of the attack and that the rape occurred in the minor victim's bedroom, thereby removing the victim's feeling of safety in her own house and causing permanent emotional scars.

When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that it adequately considered the guidelines of La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial court should consider the defendant's personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant's potential for rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. *State v. Quiambao*, 36,587 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1103, *writ denied*, 03-0477 (La. 5/16/03), 843 So. 2d 1130.

Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and

4

suffering. *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *Id.*

The trial court is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by the trial court should not be set aside as excessive in the absence of a manifest abuse of its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. The trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *Id.* On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id.*

Whoever commits the crime of second degree rape shall be imprisoned at hard labor for not less than 5 nor more than 40 years. At least two years of the sentence imposed shall be without benefit of probation, parole or suspension of sentence. La. R.S. 14:42.1(B).

At the sentencing hearing, the trial court complied with La. C. Cr. P. art. 894.1. Considering La. C. Cr. P. art. 894.1(A), the trial court found that there was an undue risk that Defendant would reoffend if given a suspended or probated sentence, that he was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of his crime. Considering La. C. Cr. P. art. 894.1(B), it found that Defendant's conduct manifested deliberate cruelty to the victim, that he knew or should have known that the victim was particularly vulnerable or incapable of resistance due to her youth and that the offense resulted in significant permanent emotional injury to the victim and her mother. It

considered Defendant's criminal history and noted his prior felony conviction. It found that no mitigating factors applied. It gave sufficient weight to each of the applicable aggravating and mitigating factors, and the record adequately supports the sentence imposed.

The midrange sentence imposed by the trial court is not constitutionally excessive. Defendant went into his minor cousin's bedroom, forcefully slammed her onto her bed and inserted his finger and his penis into her anus without her consent. Considering the facts of this case, the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. Therefore, the trial court did not abuse its discretion in sentencing Defendant to 25 years at hard labor, with 5 years to be served without benefits.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence of Defendant Kenny McKnight.

**AFFIRMED.**